This indictment is grounded on sec. 3 of the act of the General Assembly, passed in 1791, entitled "An act to amend an act entitled `An act to prevent thefts and robberies by slaves, free negroes, *Page 177 
and mulattoes,'" passed in 1787, and to amend an act, passed in 1774, entitled "An act to prevent the willful and malicious killing of slaves."
The third section enacts that if any person shall hereafter be guilty of willfully and maliciously killing a slave, such offender shall, upon the first conviction thereof, be adjudged guilty of murder, and shall suffer the same punishment as if he had killed a free man, any law or usage to the contrary notwithstanding.
Homicide, under the laws of this State, is divided into three classes: (I) Murder, which is punishable with death and always attended with malice, express or implied. (II) Manslaughter, which is (202) done on a sudden provocation, unaccompanied with malice; for this offense the offender is entitled to his clergy. (III) Simple homicide, which is either justifiable or excusable, and for which the law of this State has inflicted no kind of punishment, the person charged being deemed unfortunate and not criminal. This is an offense first legislated upon by the Act of 1774, and finally by this act of the General Assembly of 1791, which has not affixed either the punishment of murder or manslaughter to it, but that of killing a free man. The killing of a free man under such circumstances as amounts neither to murder or manslaughter, is no crime; no punishment can be inflicted; the person charged is to be acquitted and discharged on his payment of costs. Therefore, judgment must be stayed and the prisoner discharged.
Judgment arrested.
NOTE. — By the Act of 1817 (see 1 Rev. Stat., ch. 34, sec. 9), it is provided that "the offense of killing a slave shall be denominated and considered homicide, and shall partake of the same degree of guilt, when accompanied with the like circumstances that homicide now does at common law."
Cited: State v. Reed, 9 N.C. 457; State v. Partlow, 91 N.C. 552.